**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| DANIEL P. SUMMERELL, | DOCKET NUMBER |
| Appellant, | DC-315H-18-0478-I-1 |
| v. | |
| DEPARTMENT OF VETERANS AFFAIRS, | DATE: March 21, 2024 |
| Agency. | |

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Laura A. O'Reilly</u>, Virginia Beach, Virginia, for the appellant.

<u>David Scruggs</u>, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**REMAND ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed the appellant's probationary termination appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## DISCUSSION OF ARGUMENTS ON REVIEW

On April 15, 2018, the appellant transferred from his Investigator position at the Office of Personnel Management (OPM) to a Police Officer position at the agency, the Department of Veterans Affairs. Initial Appeal File (IAF), Tab 6 at 18-20, Tab 7 at 8-9. The Standard Form (SF) 50 documenting his transfer to the agency reflects that his appointment was subject to the successful completion of a 1-year initial probationary period. IAF, Tab 6 at 18. Effective April 23, 2018, the agency terminated the appellant from his position during his probationary period due to lack of candor. *Id.* at 8-11.

The appellant appealed his termination to the Board. IAF, Tab 1. The administrative judge notified him that the Board may not have jurisdiction over his appeal because probationary employees in the competitive service who have less than 1 year of current, continuous service under other than a temporary appointment limited to 1 year or less have limited rights of appeal to the Board. IAF, Tab 2 at 3. She apprised him of the ways in which he could establish jurisdiction over his appeal and ordered him to file evidence and argument amounting to a nonfrivolous allegation of jurisdiction. *Id.* at 3-6. In response, the appellant argued that the Board had jurisdiction over his appeal because he had more than 1 year current, continuous service based on his prior Federal service. IAF, Tab 7. Without holding the appellant's requested hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 10, Initial Decision (ID).

The appellant has filed a petition for review of the initial decision, the agency has responded, and the appellant has replied.[2]  Petition for Review (PFR) File, Tabs 1, 3-4.

The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation.  *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985).  Under 5 U.S.C. chapter 75, subchapter II, an individual who meets the definition of "employee" at 5 U.S.C. § 7511(a)(1) generally has the right to challenge his removal from Federal service by filing an appeal with the Board.  *Maibaum v. Department of Veterans Affairs*, 116 M.S.P.R. 234, ¶ 9 (2011).  To qualify as an "employee," an individual in a competitive-service position, like the appellant, must show either that he is not serving a probationary period, 5 U.S.C. § 7511(a)(1)(A)(i), or that he has completed 1 year of current, continuous service under an appointment other than a temporary one limited to a year or less, 5 U.S.C. § 7511(a)(1)(A)(ii).  An individual may establish that he is a competitive-service "employee" under either of these alternative definitions.  *McCormick v. Department of the Air Force*, 307 F.3d 1339, 1342-43 (Fed. Cir. 2002).

Here, the administrative judge correctly found that the appellant did not complete his 1-year probationary period because he had not served a full year under his appointment and because he failed to show that he had prior service in the same or similar line of work that could be "tacked on" to his current service for purposes of completing the probationary period.  ID at 5.  However, as the appellant argues on review, the administrative judge did not consider whether he

_____

[2]  On April 17, 2023, the appellant requested leave to file an additional pleading. Petition for Review (PFR) File, Tab 7.  Other than a petition for review, cross petition, responses, and reply, no additional pleadings are accepted on review unless the party files a motion with the Clerk of the Board that describes the nature of and need for the pleading, and obtains leave to file.  *See* 5 C.F.R. § 1201.114(a)(5), (k).  The appellant alleges that he recently discovered evidence that shows that his appeal is not moot. PFR File, Tab 7.  This alleged new evidence does not change the outcome of the appeal because, as set forth below, we find that the appeal is not moot.  Thus, the appellant's request is denied.

met the alternative definition of a competitive-service "employee" with Board appeal rights. PFR File, Tab 1 at 7.

Under section 7511(a)(1)(A)(ii), an individual in the competitive service can show that, although he may be a probationer, he is an "employee" with chapter 75 appeal rights because, immediately preceding the adverse action, he had completed at least 1 year of current continuous service in the competitive service without a break in Federal civilian employment of a workday. *Hurston v. Department of the Army*, 113 M.S.P.R. 34, ¶ 9 (2010). This period of service need not be performed in the same agency or in the same line of work. *Dade v. Department of Veterans Affairs*, 101 M.S.P.R. 43, ¶ 10 (2005).

The record reflects that the appellant held a competitive-service appointment at OPM from September 4, 2016, until he transferred to the agency on April 15, 2018. IAF, Tab 7 at 8-14, Tab 6 at 18-20. In a sworn affidavit, he attested that he worked for OPM on Friday, April 13, 2018, and that he reported to work at the agency on Monday, April 16, 2018. IAF, Tab 7 at 8. The agency does not dispute this timeline or argue that the appellant lacked 1 year of current, continuous service without a break in Federal civilian employment of a workday. IAF, Tabs 6, 8-9; PFR File, Tab 3. Thus, we find that the appellant has shown that he had at least 1 year of current, continuous service prior to his termination and that he met the definition of "employee" under section 7511(a)(1)(A)(ii). Accordingly, the Board has jurisdiction over the appellant's termination appeal.

On review, the agency argues that, even if the Board has jurisdiction over this appeal, the matter is now moot because it rescinded the appellant's termination and processed the action as a resignation effective on the date that the appellant planned to resign, April 28, 2018. PFR File, Tab 3 at 1, 7, 9. In response, the appellant argues that the appeal is not moot because he has not received back pay for the period between his termination on April 23, 2018, and the date of his "resignation" on April 28, 2018. PFR File, Tab 4 at 4. He further argues that he did not intend to resign. *Id.* at 4-5.

The Board may dismiss an appeal as moot if the appealable action is cancelled or rescinded by the agency. *Hess v. U.S. Postal Service*, 123 M.S.P.R. 183, ¶ 5 (2016). For an appeal to be deemed moot, the agency's rescission of the appealed action must be complete, and the employee must be returned to the status quo ante. *Id.* Status quo ante relief generally requires that the appellant be placed back in his former position or in one substantially equivalent in scope and status to his former position. *Id.* Status quo ante relief also requires that the agency remove all references to the rescinded action and restore to the appellant any lost back pay or benefits. *Id.*

Here, there is no evidence that the agency has paid back pay to the appellant, removed references to his termination, or restored him to his former position or to a substantially similar one.[3] Thus, the appeal is not moot.

## ORDER

For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.[4]

FOR THE BOARD: _____

Gina K. Grippando

Gina K. Grippando
Clerk of the Board

Washington, D.C.

_____

[3] Although the agency argues that the appellant intended to resign, there is no evidence that he did so before the effective date of his termination.

[4] In the remand initial decision, the administrative judge may reincorporate prior findings as appropriate, consistent with this Remand Order.